CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEVONTAE SMITH, | CASE NO. 7:14CV00705 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NORTHWESTERN REGIONAL ADULT DETENTION CENTER, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

Devontae Smith, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, against the Northwestern Regional Adult Detention Center. Smith alleges that while officers were moving him to another unit, he was attacked and injured by another inmate. Upon review of the record, the court concludes that the complaint fails to state any actionable claim and, therefore, summarily dismisses the case.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The only entity that Smith names as a defendant is the detention center itself. The detention center, however, is not a "person" subject to suit under § 1983. Preval v. Reno, 203

F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, the court will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.* An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of January, 2015.

/s/ Glen Conrad
Chief United States District Judge

---

\* In any event, Smith's sparse allegations do not indicate that the officer who moved him from one location to another within the detention center had objective evidence that the move placed Smith at any risk of serious harm from another inmate. See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (holding that government official violates constitutional rights of pretrial detainee only when he knows of but disregards a significant risk of serious harm to the detainee) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)); Whitley v. Albers, 475 U.S. 312, 319 (1986) (holding that deliberate indifference requires showing of "more than ordinary lack of due care for the prisoner's interests or safety").